FILED
United States Court of Appeals
Tenth Circuit

October 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCUS D. WOODSON,

        Petitioner - Appellant,

v.

JUSTIN JONES,

        Respondent - Appellee.

No. 09-6097

(W.D. Oklahoma)

(D.C. No. 5:08-CV-00726-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HENRY**, Chief Circuit Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

Marcus D. Woodson was convicted in Oklahoma state court of possession of contraband by an inmate after having twice been convicted of felonies and was sentenced to 20 years' imprisonment. He filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The court denied the application. Mr. Woodson seeks a certificate of appealability (COA) to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal dismissal of § 2254 application). Because a reasonable jurist could not debate the correctness of the district court's decision, we deny a COA and dismiss the appeal.

## I.    BACKGROUND

On December 20, 2005, Mr. Woodson, an inmate at the Garfield County Detention Center, was given eye drops by a prison employee. When the employee asked that he return the eye drops, he refused. The employee radioed for assistance, and Deputy Jail Administrator Randy Coleman responded. Coleman entered Mr. Woodson's cell and found contraband: two disposable razors (one with the blade missing) and a club fashioned of tightly rolled papers in cloth (referred to as a "hand bat"). Mr. Woodson was charged with possessing these items as dangerous weapons. A jury found him guilty of possessing contraband as an inmate after two felony convictions. The Oklahoma Court of Criminal Appeals affirmed on November 8, 2007.

On July 16, 2008, Mr. Woodson filed his § 2254 application, raising nine grounds for relief: (1) that the evidence at trial was insufficient to prove that he possessed dangerous instruments without permission, (2) that he was deprived of his right to a fair trial when the trial court refused his request to call two "rebuttal" witnesses, (3) that he was deprived of his right to a fair trial when the trial court allowed the admission of evidence of other bad acts, (4) that he was deprived of his right to a fair trial by the prosecutor's improper closing argument, (5) that the trial court erred in instructing the jury on a habitual-offender enhancement to his sentence because the amended information did not include a page charging him as a habitual offender, (6) that the trial judge erred in allowing

-2-

him to be cross-examined about his prior felony convictions, (7) that his 20-year sentence is excessive in light of the error referred to in ground five, (8) that he received ineffective assistance of counsel at trial, and (9) that cumulative error denied him a fair trial.

The magistrate judge's Report and Recommendation recommended denial on the merits of Mr. Woodson's application. The district court adopted the recommendation in its entirety and supplemented it with further observations.

Mr. Woodson's application for a COA and his accompanying brief claim eight grounds for relief: (1) insufficiency of the evidence, (2) "Cumulative Errors," Aplt.'s Appl. for COA at 4, (3) "Prosecutorial Misconduct," *id.*, (4) "denial of Defense witness's," *id.*, (5) "Sanctioning the Appellant for something he had no control over," *id.*, (6) ineffectiveness of trial counsel, (7) excessiveness of his sentence, and (8) improper admission of other-crimes evidence. Because Mr. Woodson is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted). Therefore, for those of Mr. Woodson's claims

that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

No reasonable jurist could debate the reasoning set forth in the meticulous and well-supported Report and Recommendation by the magistrate judge and district-court Order dated April 23, 2009.

## III. CONCLUSION

We DENY Mr. Woodson's request for a COA and DISMISS the appeal. We GRANT Mr. Woodson's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge